IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN PAUL JONES, FT-2789, )
    Petitioner, )
     )
    v. ) Civil Action No. 08-1266
     )
R. SHANNON, et al., )
    Respondents. )

Mitchell, M.J.

MEMORANDUM AND ORDER

Jonathan Paul Jones, and inmate at the State Correctional Institution at Frackville has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude there is a basis for appeal, a certificate of appealability will be denied. An appropriate Order and Judgment will be entered.

Jones is presently serving an eighty to one hundred-sixty year sentence imposed following his conviction, by a jury, of rape, burglary, robbery, aggravated indecent assault and simple assault at Nos. CC 19909241, CC 199909242 and CC 199909243 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on February 13, 2001.[1]

An appeal was taken to the Superior Court in which the issues presented were:

I. Did trial counsel render ineffective assistance in failing to object to testimony by a DNA expert that the defendant's DNA profile was unique and that he was the source of the DNA found at the crime scene?

---

[1] See: Petition at ¶¶ 1-6.

1

II. Was the defendant denied a fair trial by the improper closing argument [of the] prosecuting attorney, which argued facts not in evidence?

III. Did trial counsel render ineffective assistance in failing to object to the improper closing remarks of the prosecuting attorney that the testimony of the DNA expert established the defendant's guilt to a mathematical certainty?[2]

On November 22, 2002, the judgment of sentence was affirmed.[3]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which these same issues were presented for review.[4] On September 16, 2003, leave to appeal was denied.[5]

On April 5, 2004, Jones filed a post-conviction petition, and that petition was dismissed on August 15, 2006.[6]

An appeal was filed in the Superior Court in which the issues raised were:

1. Whether the Court of Common Pleas erred in denying PCRA relief without a hearing?

2. Whether direct appeal counsel was ineffective for not raising trial counsel's ineffectiveness for failing to challenge the excessiveness of sentence?

3. Whether direct appeal counsel was ineffective for not raising trial counsel's ineffectiveness for not filing pretrial motion challenging the warrant to obtain a blood and saliva sample?

4. Whether direct appeal counsel was ineffective for not raising the claim that the

---

[2] See: Exhibit 24 to the answer of the Commonwealth.

[3] See: Exhibit 26 to the answer of the Commonwealth, Com. v. Jones, 811 A.2d 1057 (Pa. Super. 2002).

[4] See: Exhibit 28 to the answer of the Commonwealth.

[5] See: Exhibit 29 to the answer of the Commonwealth.

[6] See: Exhibit 36 to the answer of the Commonwealth.

Commonwealth failed to prove by clear and convincing evidence Defendant was a sexually violent predator?[7]

On February 6, 2008, the denial of post-conviction relief was affirmed.[8]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which these same issues were presented for review.[9] On August 7, 2008, leave to appeal was denied.[10]

On September 8, 2008, Jones execute the instant petition in which he claims he is entitled to relief on the following grounds:

> 1. Petitioner states that there was no lawful transport order; or reason to transport petitioner from the State Correctional in Greensburg-Westmoreland County, Penna. to the Allegheny Courthouse - Allegheny County, Penna. on 4-9-1999.
>
> 2. The petitioner was not afforded effective counsel on 4-9-1999 the day he was moved by Sheriff. That he had a right to effective counsel. That trial counsel pleaded her ineffectiveness before the trial courts. That she was unprepared for trial. That the preliminary hearing prosecutor and direct appeal counsel were married. The result, a conflict of interest.
>
> 3. Petitioner states that thru a due diligence search he uncovered a court document. The dubious court order is proof of an unlawful 4-9-1999 transport that resulted in ineffective counsels and unlawful conviction and the false imprisonment of an innocent man.
>
> 4. That the 4-9-1999 Sheriff transport of petitioner without a court order subjected him to an illegal arrest, unlawful restrain by handcuffs and shackles. That he was detained at the Allegheny Courthouse unlawfully. That the 4-9-1999 transport violated the mission statement of the Dept. Of Corrections to custody, care and control. That the unlawful action of 4-9-1999 caused petitioner to be unlawfully

---

[7] See: Exhibit 41 to the answer of the Commonwealth.

[8] See: Exhibit 44 to the answer of the Commonwealth, Com. v. Jones, 942 A.2d 903 (Pa. Super. 2008.

[9] See: Exhibit 46 to the answer of the Commonwealth.

[10] See: Exhibit 47 to the answer of the Commonwealth.

incarcerated today.[11]

As part of his post-conviction petition, Jones requested information regarding the reason he was transported from Westmoreland to Allegheny County on April 9, 1999. In response to his inquiry, he was informed:

> According to your [inmate] file, you were taken ATA to Allegheny Co. For court purposes, by Court order dated 4/1/99/ signed and sealed by the Clerk of Courts. You were transported by Allegheny Co. Sheriffs.[12]

While this order does not appear to be part of the record, what the record does demonstrate is after developing Jones as a suspect, Allegheny County Police obtained a search warrant on April 8, 1999 for securing blood samples from the petitioner. That warrant was executed on April 9, 1999.[13] It was as a result of securing this evidence that an expert DNA comparison could be made with evidence seized from the crime scene which clearly identified the petitioner as the perpetrator of the crimes.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations

---

[11] See: Petition at ¶ 12.

[12] See: Exhibit 31 to the answer of the Commonwealth.

[13] See: Exhibit 11 to the answer of the Commonwealth at pp. 254-255.

must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the

state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is clear from the record that the petitioner never raised the issues which he seeks to raise here in the courts of the Commonwealth. In Coleman v.Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

In the instant case, the circumstances surrounding the securing of the blood samples was known in 1999, and nothing prevented the petitioner from raising this issue in the Pennsylvania courts. It is also clear that the petitioner can not now return to those courts in order to raise this issue.[14]

As there is nothing in the record to suggest that the petitioner was prevented from raising this issues in a timely fashion in the courts of the Commonwealth, he is procedurally barred from raising it here. Additionally, since Fourth Amendment exclusionary issues are not properly raised

---

[14]See: 42 Pa.C.S.A. 9545(b).

in a federal habeas petition unless a petitioner is prevented from fully litigating the issue in state court, Stone v. Powell, 428 U.S. 465, 494 (1976), his claims are not properly raised here. Thus, for either reason or both, the petition is without merit.

Additionally, we observe that in his post-conviction appeal, petitioner alleged that appellate counsel was ineffective for not raising trial counsel's ineffectiveness for failing to challenge the warrant through which the samples were obtained from him.[15] While this is clearly not the context in which the petitioner seeks to raise the matter here, we feel it is imperative to at least comment on the matter.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d

---

[15] See: Exhibit 41 to the answer of the Commonwealth.

Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.").

Securing of blood samples is protected by the Fourth Amendment. Nicholas v. Goord, 430 F.3d 652, 658 (2d Cir. 2005) cert. denied 127 S.Ct. 384 (2006). However, when acting under non-exigent circumstances and with probable cause, the securing of blood samples is not unconstitutional. Schmerber v. California, 384 U.S. 757 (1966).

In the present case, the undisputed evidence demonstrates that acting upon probable cause and with a warrant, the petitioner's blood sample was obtained. Accordingly, counsel cannot be said to have fallen below an objective standard of reasonableness for failing to raise a non-issue. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006). Thus, even if properly before this Court, this issue is meritless.

Accordingly, the petition of John Paul Jones for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude there is a basis for appeal, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
United States Magistrate Judge

ORDER

AND NOW, this 2nd day of December, 2008, for the reasons set forth in the foregoing Memorandum, the petition of John Paul Jones for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude there is a basis for appeal, a certificate of appealability is denied.

s/ Robert C. Mitchell
United States Magistrate Judge